JORGE A. RAMOS (SBN 43599)
RICHARD LEE (SBN 32329)
PACIFIC JUSTICE INSTITUTE
P.O. Box 48011
Seattle, WA 98148
Telephone: (206) 257-3239
E-mails: jramos@pji.org
lawyerattorney@comcast.net

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SAVED MAGAZINE, an Idaho limited liability company, AFSHIN YAGHTIN and MARY FELL YAGHTIN, and the marital community thereof,<br><br>Plaintiffs<br><br>     vs.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington, d/b/a; SPOKANE PUBLIC LIBRARY, SPOKANE POLICE DEPARTMENT; CRAIG MEIDL, in his official and personal capacity; KEVIN VAUGHN and JANE DOE VAUGHN, and the marital community thereof;<br><br>     Defendants. | Case No.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**<br><br>Unlimited Civil Case<br>**JURY TRIAL DEMANDED**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE:<br>DEPARTMENT:<br>COMPLAINT FILED:<br>TRIAL DATE:  tbd |

Come now Plaintiffs, SAVED MAGAZINE (hereinafter "SAVED") and AFSHIN

YAGHTIN (hereinafter "YAGHTIN"), and MARY FELL YAGHTIN, and allege as follows:

1

VERIFIED COMPLAINT

**INTRODUCTION**

1.     This action challenges restrictions on the freedom of press of a publication and journalist by the CITY OF SPOKANE.  A journalist, wearing a press pass, covering a story on the Drag Queen Story Hour ("DQSH") at a public library was threatened with arrest if he conducted interviews.  As a result of the intentional interference by police officers acting on behalf of the CITY OF SPOKANE, the journalist and the magazine's rights under the U.S. Constitution's First Amendment and the Washington Constitution were violated.  Therefore, Plaintiffs bring this action seeking redress in the courts.

**PARTIES**

2.     Plaintiff Saved Magazine is a business entity incorporated in the State of Idaho. Saved Magazine is an investigative Christian print periodical funded by paid subscriptions.

3.     Plaintiff Afshin Yaghtin is the chief editor of Saved Magazine.  Among his duties as chief editor, Mr. Yaghtin contributes stories as a journalist, covers events, and assigns press passes.

4.     All actions of Afshin Yaghtin upon information and belief were for the benefit of Afshin and his marital community.

5.     Defendant Craig Miedl was, at all times relevant to this action, a law enforcement officer employed by the City of Spokane as the Chief of the Spokane Police Department.

6.     At all times relevant to this action, Defendant Meidl was a person acting under color of state or local law.

7.     Defendant Meidl is sued in his official capacity.

8.     Defendant Kevin Vaughn was, at all times relevant to this action, a law enforcement officer, employed by the City of Spokane as a Sergeant for the Spokane Police Department

9.     At all times relevant to this action, Defendant Vaughn was a person acting under the color of state or local law.

2

9.      At all times relevant to this action, Defendant Vaughn was a person acting under the color of state or local law.

10.     The actions of Sgt. Vaughn upon information and belief were for the benefit of Sgt. Vaughn and his marital community.

11.     Defendant CITY OF SPOKANE is a municipal corporation and is located within the Eastern District of Washington. One division within Defendant City of Spokane is the Spokane Police Department, which employs police officers to, among other things, enforce local and state laws, and which establishes policies for and supervises Spokane police officers.

12.     At all times relevant to this action, Defendant City of Spokane employed Defendant Miedl as police chief and authorized him to act as its agent.

13.     At all times relevant to this action, Defendant City of Spokane employed Defendant Vaughn as a sergeant for the Spokane Police Department and authorized him to act as its agent.

14.     At all times relevant to this action, Defendant City of Spokane was a person acting under color of state or local law.

15.     Defendant Spokane Public Library is a department of the City of Spokane.

**JURISDICTION AND VENUE**

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361 and 28 U.S.C. § 2201.

17.     Pursuant to 28 U.S.C. §§ 1391 this Court has supplemental jurisdiction over the claim brought under the Constitution of the State of Washington.

18.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (c)(2), and (d) because the events giving rise to the claim occurred in Spokane, Washington for which the Eastern District of Washington maintains jurisdiction.

VERIFIED COMPLAINT

19.    This action is brought pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983.

**FACTS**

20.    The Downtown Spokane Library held a Drag Queen Story Hour on Sunday, June 22, 2019.  Scheduled to start at 2:00 p.m., the event was open to the public and held during normal business hours.

21.    Approximately 150 "protestors" gathered across West Main Avenue and also across North Lincoln Street hours before the reading. Some used megaphones and signs to demonstrate their concern about the drag queens and the library supporting the reading hour. About 300 "counter protestors" stood on the sidewalk bordering the downtown library and wore rainbow clothing and blew bubbles.  Some held up white sheets to block children's view of protestors.[1]

22.    Saved Magazine sought to cover the event and run a story in its quarterly periodical.

23.    Mr. Yaghtin arrived at the event at approximately 1:45 p.m.. His press badge was clearly visible and he identified himself as a member of the press. It was his intention to perform his duties as a journalist.  He intended to interview both protestors and counter protestors.

24.    Police logs state that at 2:13 p.m., "About 700 people so far from both sides and inside the target reading room. Several fake press people present (independent) maybe be infiltrating the reading."  A true and correct copy of said police logs accompany this Complaint, are incorporated in full, and marked as Exhibit 1.

25.    Shortly after attempting to interview the counter protestors, Mr. Yaghtin was approached by Officer Kevin Vaughn. The officer acknowledged that Mr. Yaghtin was a member

---

[1] https://www.spokesman.com/stories/2019/jun/22/second-childrens-book-reading-at-downtown-spokane-/

4

of the press.  Mr. Yaghtin was led to the entrance of the library.  Officer Vaughn and Mr. Yaghtin entered the library and stopped just inside the entry doors.

26.    Officer Vaughn is then recorded stating, "*So here's the deal. You can move freely. Alright? Once you start engaging people and if you cause a problem or anything like that you're subject to arrest. Plain and simple. If you want to act as the press and report on it, you can do that. Until you start engaging with people and there's problems, we will deal with it then and you'll be subject to arrest.*"

27.    Police logs state at 12:51:16: "L266 to all units, subj that was arrested last time is on scene with a press pass will be allowed to move freely throughout the event on both sides, until he starts causing problems. He's been warned if he does cause problems, he will be under arrest."

28.    Mr. Yaghtin returned to the sidewalk to interview counter protestors, but was closely followed by police officers and not allowed to respond to their comments or interview them himself.  Police officers interrupted and halted Mr. Yaghtin's conversation with counter protestors to ensure the content of their conversation was kept under the police officers' confines.  With the constant threats from the CITY OF SPOKANE police officers, Mr. Yaghtin was prohibited from conducting interviews at the Drag Queen Story Hour so he could write a piece for Saved Magazine.

29.    Plaintiffs, through counsel, wrote a letter to Spokane Police Chief Craig Meidl dated June 27, 2019. The letter sought confirmation on whether Officer Vaughn's quoted statement represented "the practices, policies, and official position of the Spokane Police Department" and, if not, to indicate the steps they would take to train the policer officers and staff to ensure this would not happen again.  A true and correct copy of the letter accompanies this Complaint, is incorporated in full, and marked as Exhibit 2.

30.    Plaintiffs' counsel received a letter in response from Assistant City Attorney Mary Muramatsu ("Muramatsu").  On July 3, 2019, Ms. Muramatsu stated, among other things, "If you

are aware of any facts that show the police prevented Mr. Yaghtin from exercising his fundamental right to speak or to engage in journalism on June 22, 2019, please provide those along with any supportive evidence, including the basis for which corrective action should be taken." A true and correct copy of the Assistant City Attorney's letter accompanies this Complaint, is incorporated in full, and marked as Exhibit 3.

31.    On July 11, 2019, Plaintiffs, through counsel, e-mailed Ms. Muramatsu with a link to two videos that recorded Officer Vaughn's admonishing Mr. Yaghtin and video evidence of the Mr. Yaghtin's inability to conduct interviews with the counter protestors. The e-mail reiterated the request for the official position of the Spokane Police Department and added: "These videos demonstrate that [Mr. Yaghtin] was intimidated, threatened and not allowed to engage individuals in his capacity as a member of the press. He had the right to engage and would have if he was not unlawfully threatened. He was forced to walk through quietly and only allowed to speak if he was asked a question. When he did speak in response, he was bullied by the police into complying with their parameters on his speech against his will." A true and correct copy of the July 11, 2019, e-mail accompanies this Complaint, is incorporated in full, and marked as Exhibit 4.

32.    On July 19, 2019, Ms. Muramatsu acknowledged receipt of the videos and requested input on policy revisions and updated training via e-mail. A true and correct copy of Ms. Muramatsu's e-mail of July 19, 2019, accompanies this Complaint, is incorporated in full, and marked as Exhibit 5

33.    On Monday, July 22, 2019, Plaintiffs, through counsel, via email responded to Ms. Muramatsu and reiterated that an official position from the Spokane Police Department was being sought. No policy or training requests were made or discussed. A true and correct copy of the e-mail of July 22, 2019, accompanies this Complaint, is incorporated in full, and marked as Exhibit 6.

34.    On Friday, July 26, 2019, Ms. Muramatsu responded via e-mail with no official position on the treatment of Mr. Yaghtin by the Spokane Police Department, specifically Officer Vaughn. She once again asked for additional analysis or recommendations. She ended her email with "this concludes our response."   A true and correct copy of Ms. Muramatsu's e-mail of July 26, 2019, accompanies this Complaint, is incorporated in full, and marked as Exhibit 7

## FIRST CAUSE OF ACTION

### Violation of the First Amendment to the United States Constitution
### Freedom of the Press
### (42 U.S.C. Section 1983)

35.    Plaintiff re-alleges and incorporates herein by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

36.    The First Amendment to the United States Constitution prohibits state actors from abridging the freedom of the press. The First Amendment is made applicable to the states through the Fourteenth Amendment.

37.    Defendant's decision to severely restrict the Plaintiffs' rights to freedom of the press violates the First Amendment.

38.    The actions, policies and practices of Defendant was done under color of state law.

39.    Plaintiffs are informed and believe and thereon allege that the action of the Spokane police officers were done pursuant to policies and practices of the CITY OF SPOKANE.

40.    42 U.S.C. Section 1983 authorizes suits against governmental actors who violate constitutional provisions such as the First and Fourteenth Amendments.

41.    Mr. YAGHTIN was exercising his rights to freedom of press by seeking to interview persons at the DQSH event when he entered the grounds of the CITY's library property and

7

adjoining sidewalk to interview attendees.    Likewise, Saved Magazine was exercising its rights to freedom of the press by sending its journalist to cover the DQSH event.

42.    Plaintiffs are informed and believe and thereon allege that there will continue to be Drag Queen events within the jurisdiction of the CITY OF SPOKANE, as well as other controversial and newsworthy events.  As such, pursuant to his duties as a journalist and editor, Mr. YAGHTIN intends to continue to appear at such events in the future in which he will interview individuals present and write pieces for Saved Magazine.  In the future, Saved Magazine will send Mr. YAGHTIN or other journalists, whether employed or independent contractors of the periodical, to cover Drag Queen and other controversial and newsworthy events within the jurisdiction of the CITY OF SPOKANE.  These journalists will conduct interviews, take photographs, make audio and video recordings, and otherwise gather information in order to print articles that will appear in its quarterly periodical.

43.    The right to freely interview and interact with the public is an embedded aspect of the fundamental right of press.

44.    The CITY's library is a premier gathering place for citizens of Spokane, Washington to enjoy cultural diversity, education, and entertainment.

45.    The CITY has represented in court that the library in question is a public forum as that term has come to be understood in First Amendment jurisprudence.

46.    The policies and practices of the CITY OF SPOKANE, by and through police officers employed by the CITY, or whose conduct is ratified by the CITY, has interfered, and will continue to interfere with the rights to freedom of the press of the Plaintiffs unless enjoined by this Court.

VERIFIED COMPLAINT

47.    Plaintiffs seek to recover compensatory, actual, and special damages.

48.    Plaintiffs seek a declaration that the Defendants violated their First and Fourteenth Amendment freedoms.

49.    Plaintiffs seek preliminary and permanent injunctive relief against further abridgment of their First Amendment freedoms as made applicable to the Defendant through the Fourteenth Amendment.

50.    Further, there is a controversy between Plaintiffs and Defendants as to whether preventing a journalist, in this instance Mr. YAGHTIN, from conducting interviews in his capacity as a journalist is consistent with the rights secured under the First Amendment.

51.    Plaintiffs are entitled to recover his reasonable costs of suit and attorneys' fees.

### SECOND CAUSE OF ACTION
### Violation of the Washington Constitution, Article I, § 5

52.    Plaintiffs reallege and reincorporate all prior allegations in the preceding paragraphs as though fully set forth herein.

53.    The Washington Constitution, in Article I, § 5 guarantees to every person the liberty to speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of that right.  Neither a law nor any individual tasked with enforcing the law may restrain or abridge liberty of speech or of the press.

54.    Article I, § 5 has been interpreted more broadly than the First Amendment.

55.    The CITY's library and sidewalks are a public forum as that term has been defined by the state and federal courts.

9

56.    Plaintiff Saved Magazine, through its agent journalist, Plaintiff Mr. YAGHTIN, were deprived of the liberty to hear, speak, write, and publish its sentiments upon the grounds of the CITY's library.

57.    Mr. YAGHTIN was further deprived of his Article I, § 5 liberty to speak on the public sidewalks outside the gates of the CITY's library.

58.    The actions of the CITY OF SPOKANE are a prior restraint on speech and, by extension, of the press.

59.    The Guidelines, or lack thereof, promulgated by the CITY to limit expression are inconsistent with Article I, § 5.

60.    Plaintiffs have suffered actual, compensatory, and special damages in an amount according to proof.

61.    Plaintiffs seek a declaration that the CITY's Guidelines, or lack thereof, both on their face and as applied to him, violate Article I, § 5 of the Washington Constitution.

62.    Plaintiffs seek preliminary and permanent injunctive relief against enforcement of the Guidelines or similar restrictions on his expression at the CITY's library.

63.    Plaintiffs are entitled to recover their reasonable costs of suit and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  A declaration that Defendants has violated the First and Fourteenth Amendments to the United States Constitution;

2.  A declaration that Defendant has violated Article I, § 5 of the Washington Constitution;

VERIFIED COMPLAINT

3. A preliminary injunction prohibiting Defendant from enforcing their Guidelines against Plaintiffs;

4. A permanent injunction prohibiting Defendant from enforcing its Guidelines against Plaintiffs;

5. General, nominal, and special damages against Defendants according to proof;

6. Attorneys' fees;

7. Costs of suit; and

8. Other relief the court deems just including leave to amend the complaint to add parties and causes of action.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

DATED:  January 14, 2019

_____

JORGE A. RAMOS (SBN 43599)
PO Box 48011
Seattle, WA 98148
Telephone: (206) 257-3239
E-mails: jramos@pji.org

RICHARD LEE (WSBA # 32329)
P.O. Box 7550
Spokane, WA 99207
Telephone: (509) 536-0986
E-mail: Lawyerattorney@comcast.net

Attorneys for Plaintiffs, Saved Magazine & Afshin Yaghtin

11

STATE OF WASHINGTON )          **VERIFICATION**
                            ) ss.
COUNTY OF SPOKANE      )

AFSHIN YAGHTIN, on oath, says:

I am Afshin Yaghtin, chief editor of Saved Magazine, the plaintiffs in the above-entitled action. I have read the foregoing verified complaint, know its contents, and believe the same to be true.

_____
Afshin Yaghtin, Chief Editor

SUBSCRIBED AND SWORN to and before me on 9th day of January, 2020

Notary Public
State of Washington
**KARA M CALDWELL**
COMM. # 207273
MY COMMISSION EXPIRES
MARCH 22, 2023

_____ 03/22/23
NOTARY PUBLIC in and for the State of Washington, residing at Cheney
Spokane, County

12
VERIFIED COMPLAINT

1
2    STATE OF WASHINGTON  )           **VERIFICATION**
                          ) ss.
3    COUNTY OF SPOKANE     )

4            MARY FELL YAGHTIN, on oath, says:

5            I am Mary Fell Yaghtin the plaintiff in the above-entitled action. I have read the
     foregoing verified complaint, know its contents, and believe the same to be true.

6
7    Mary Fell Yaghtin,

8
             SUBSCRIBED AND SWORN to and before me on 9th day of January, 2020
9

10
11           Notary Public
             State of Washington                          03/22/23
             **KARA M CALDWELL**
12           COMM. # 207273              NOTARY PUBLIC in and for the State of
             MY COMMISSION EXPIRES       Washington, residing at Cheney
             MARCH 22, 2023              My commission expires 03/22/23
13
14                                       My commission expires 03/22/23
                                              Spokane County
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                  13

EXHIBIT 1

06/22/2019 : 15:55:39 tpouncey Narrative: hice to all units outside come inside for the debrief asap
06/22/2019 : 15:32:09 tpouncey Narrative: event is now over inside the library
06/22/2019 : 15:22:41 tpouncey Narrative: should be finishing up in the next 10 mins
06/22/2019 : 14:13:38 tpouncey Narrative: L266 to tac3/tac4 arrest that guy in the roadway
06/22/2019 : 14:13:29 spokanecity\doverhoff Narrative: About 700 people so far from both sides and inside the target reading room. Several fake press people present (independant) maybe be infiltrating the reading
06/22/2019 : 12:51:16 bbrown Narrative: L266 to all units, subj that was arrested last time is on scene with a press pass, will be allowed to move freely throughout the event on both sides, until he starts causing problems. He's been warned if he does cause problems, he will be under arrest.
06/22/2019 : 12:38:57 bbrown Narrative: Remote CFS# 2019040891 Created by [Infor]
06/22/2019 : 12:38:57 system Narrative: Created call 2019040891 [Infor]
06/22/2019 : 12:38:53 system Narrative: Call transfer initiated to Infor
06/22/2019 : 12:38:33 bbrown Narrative: medics to 900 w main, north side of the street to check on female that fell down, back pain.
06/22/2019 : 11:38:34 tpouncey Narrative: tac1 completed a secondary search of the main floor
06/22/2019 : 09:49:30 tpouncey Narrative: BREAK ROOM-NW CORNER LIBRARY BOTTOM FLOOR. PIZZA AT NOON---TAC 3 ONLY
06/22/2019 : 09:23:39 tpouncey Narrative: TAC1-PERIMETER HAS BEEN SWEPT
06/22/2019 : 09:19:25 tpouncey Narrative: TAC3-2ND FLOOR CLEAR
06/22/2019 : 09:19:05 tpouncey Narrative: TAC2-FIRST FLOOR CLEAR
06/22/2019 : 09:17:05 tpouncey Narrative: tac4-3rd floor is clear
06/22/2019 : 08:50:27 tpouncey Narrative: OMBUDSMAN AND IA FOR ANY COMPLAINTS.
06/22/2019 : 08:29:47 tpouncey Narrative: CHANGE OF RADIO PLANS. TAC TEAM WILL BE OPERATING ON LOPS14
06/22/2019 : 08:01:19 tpouncey Narrative: DIG WILL BE ON LOPS 13 THIS AFTERNOON
06/22/2019 : 08:01:11 tpouncey Narrative: TAC TEAM ON LOPS 12
06/22/2019 : 08:01:02 tpouncey Narrative: LIBRARY READING

06/22/2019 : 08:51:30 tnoliver Narrative: l201 advd that per l149, call can be canx'd
06/22/2019 : 08:00:01 rbotner Narrative: cr242
06/22/2019 : 07:59:56 rbotner Narrative: comp read about minister being arrested outside spokane public library, wants to report LE arresting him as a crime, demanding contact today about situation, comp currently in Arizona.

06/22/2019 : 08:52:49 tpouncey Narrative: THEY WERE ADV THEY ARE GOING TO BE NEAR NORDSTROMS
06/22/2019 : 08:52:40 tpouncey Narrative: THIS PROTEST IS AGAINST THE READING.
06/22/2019 : 08:48:00 ktobler Narrative: cr333
06/22/2019 : 08:47:53 ktobler Narrative: comp is organizing protest at the library, wanting to know where it is ok for the protestors to be. comp req
tc from LE

EXHIBIT 2

PACIFIC JUSTICE
INSTITUTE                    SACRAMENTO, CA    SALEM, OR    SAN FRANCISCO, CA    SAN JOSE, CA    SANTA ANA, CA    SEATTLE, WA

June 27, 2019

**SENT VIA EMAIL AND U.S. MAIL**

Police Chief Craig Meidl
Spokane Police Department
1100 W Mallon Ave
Spokane, WA 99260
spdwebmail@spokanepolice.org
cmeidl@spokanepolice.org

**Re: Unconstitutional Treatment of Press at Drag Queen Story Hour –
Downtown Spokane Library on 06/22/2019**

Chief Meidl:

This office represents Afshin Yaghtin in the above referenced matter. It has come to our attention that the Spokane Police Department infringed upon Mr. Yaghtin's freedom of press rights at the downtown Spokane Public Library on June 22, 2019. Officer K. Vaugh viewed and acknowledged Mr. Yaghtin's press badge and went on to state on camera to Mr. Yaghtin:

*"So here's the deal. You can move freely. Alright? Once you start engaging people and if you cause a problem or anything like that you're subject to arrest. Plain and simple. If you want to act as the press and report on it you can do that. Until you start engaging with people and there's problems, we will deal with it then and you'll be subject to arrest."*

This is a clear violation of Washington State Constitution, Article I, Section 5. Engaging opposite viewpoints is the bedrock of journalism. Spokane Police Department acted wrongfully when it infringed on Mr. Yaghtin's fundamental right.

Mr. Yaghtin intends to attend similar events as the press in the future. Do the views of Officer K. Vaugh represent the practices, policies, and official position of the Spokane Police Department? If not, please indicate what steps you will be taking to train your police officers and staff to ensure this does not happen again.

We are optimistic that we can avoid litigation. Nevertheless, we seek a response by July 11, 2019, on Spokane Police Department's position.

Sincerely,

Jorge Ramos,
Staff Attorney
Pacific Justice Institute

PO Box 48011
Seattle, WA 98148
206 257-3239
jramos@pji.org

EXHIBIT 3

**PAT J. DALTON**
SENIOR ASSISTANT CITY ATTORNEY

**ASSISTANT CITY ATTORNEYS**

SALVATORE J. FAGGIANO        NATHANIEL J. ODLE
MATTHEW M. FOLSOM          MICHAEL J. PICCOLO
MARGARET HARRINGTON       JAMES A. RICHMAN
MARY F. MURAMATSU          ELIZABETH L. SCHOEDEL
MARIMAR I. ODLE             TIMOTHY E. SZAMBELAN



**OFFICE OF THE CITY ATTORNEY**
808 W. SPOKANE FALLS BLVD.
SPOKANE, WASHINGTON 99201-3326
509.625.6225
509.625.6277 FAX

**MICHAEL C. ORMSBY**
CITY ATTORNEY

July 3, 2019

Jorge Ramos, Staff Attorney
Pacific Justice Institute
PO Box 48011
Seattle, WA 98148
jramos@pji.org

Dear Mr. Ramos,

This office represents the Spokane Police Department and Chief Craig Meidl. We are in receipt of your letter to Chief Meidl dated June 27, 2019 alleging the Spokane Police Department infringed on the rights of Afshin Yaghtin on June 22, 2019. Your correspondence alleges constitutional violations and sets a deadline for a response concerning whether "the views" of a particular police officer represent "the practices, policies, and official position" of the police department and to state what corrective action will be taken.

Because you have raised the possibility of litigation against the Spokane Police Department, we would ask that you please cease all communications with Chief Meidl and direct all correspondence concerning this matter to this office.

If you are aware of any facts that show the police prevented Mr. Yaghtin from exercising his fundamental right to speak or to engage in journalism on June 22, 2019, please provide those along with any supportive evidence, including the basis for which corrective action should be taken. It is our goal to work with your office to find a successful resolution to this matter, including clearing up any misperceptions that may have occurred surrounding this incident.

Do not hesitate to contact me should you have any questions.

Sincerely,

Mary Muramatsu
Assistant City Attorney

cc:    Police Chief Craig Meidl

EXHIBIT 4



Jorge Ramos <jramos@pji.org>

## Afshin Yagtin - July 3, 2019 letter Response

**Jorge Ramos** <jramos@pji.org>                                                      Thu, Jul 11, 2019 at 9:28 AM
To: mmuramatsu@spokanecity.org
Bcc: "ApplesofGold. com - Afshin" <afshin@applesofgold.com>

https://1drv.ms/v/s!AuoUxzofnZW7mzrp4kUtEwvkCok7

  Saved-June 22.mpg

Dear Ms. Muramatsu,

Thank you for your letter dated July 3, 2019. I have made multiple calls to your office. I would like to share the video file mentioned in my letter dated June 27, 2019. I have shared two links that should give you access to the video. Unless I hear otherwise, I will assume you were able to view the video.

In light of the video, I would repeat my question and request:

Do the views of Officer K. Vaugh represent the practices, policies, and official position of the Spokane Police Department? If not, please indicate what steps you will be taking to train your police officers and staff to ensure this does not happen again.

I'd request a response by July 19th, 2019. Thank you in advance for your attention to this matter.
--

Jorge A. Ramos, Staff Attorney
Pacific Justice Institute
www.pji.org

PO Box 48011
Seattle, WA 98148
(206) 257-3239

*"Jesus Christ is the same yesterday and today and forever."* Hebrews 13:8

CONFIDENTIALITY NOTICE:  Please note that this email is being sent by an attorney and may therefore be subject to attorney/client, work product, or other privileges.  These privileges include the content, recipients, attachments, and any other data associated with this message.  If you are not the intended recipient of this email, please notify PJI immediately and delete any copies of this message that have been sent to you in error.  Thank you.



Jorge Ramos <jramos@pji.org>

## Afshin Yagtin - July 3, 2019 letter Response

**Jorge Ramos** <jramos@pji.org>                                                    Thu, Jul 11, 2019 at 1:57 PM
To: mmuramatsu@spokanecity.org

Ms. Marumatsu,

I am providing an additional video: https://www.youtube.com/watch?v=u9K5tc4Rdw0

These videos demonstrate that my client was intimated, threatened and not allowed to engage individuals in his capacity as a member of the press. He had the right to engage and would have if he was not unlawfully threatened. He was forced to walk through quietly and only allowed to speak if he was asked a question. When he did speak in response, he was bullied by the police into complying with their parameters on his speech against his will.

This concludes our response to your requests in your letter. Thank you and we look forward to your response.

[Quoted text hidden]

EXHIBIT 5



**Jorge Ramos <jramos@pji.org>**

## Afshin Yagtin - July 3, 2019 letter Response

Muramatsu, Mary <mmuramatsu@spokanecity.org>    Fri, Jul 19, 2019 at 9:54 AM
To: Jorge Ramos <jramos@pji.org>

Mr. Ramos,

Thank you for forwarding the videos. I've been out of the office and will need additional time to review these materials. That said, I appreciate your willingness to discuss your client's concerns. We are always looking to provide better training to the police department and to improve policies that will ensure public safety while protecting individual rights. As I indicated previously, I welcome your suggestions regarding potential policy revisions or updated training in this area.


Thank you again.


Best Regards,





**Mary Muramatsu** | City of Spokane | Office of the City Attorney | Assistant City Attorney

509.625.6289 |509.951-0465 (cell) | mmuramatsu@spokanecity.org  spokanecity.org

808 W. Spokane Falls Boulevard • Spokane, WA  99201



CONFIDENTIALITY NOTICE:

This e-mail, including any attachments, is confidential and may include privileged information.  If you are not the intended recipient, or believe you have received this e-mail in error, please do not copy, print, forward, re-transmit, or otherwise disseminate this e-mail, its contents, or any of its attachments.  Please delete this e-mail.  Also, please notify the sender that you have received this e-mail in error.  Thank you.


ADVISORY:  Please be advised the City of Spokane is required to comply with the Public Records Act Chapter 42.56 RCW. This act establishes a strong state mandate in favor of disclosure of public records.  As such, the information you submit to the City via email, including personal information, may ultimately be subject to disclosure as a public record.

**From:** Jorge Ramos <jramos@pji.org>
**Sent:** Thursday, July 11, 2019 1:57 PM
**To:** Muramatsu, Mary <mmuramatsu@spokanecity.org>
**Subject:** Re: Afshin Yagtin - July 3, 2019 letter Response

[CAUTION - EXTERNAL EMAIL - Verify Sender]

Ms. Marumatsu,

I am providing an additional video: https://www.youtube.com/watch?v=u9K5tc4Rdw0

These videos demonstrate that my client was intimated, threatened and not allowed to engage individuals in his capacity as a member of the press. He had the right to engage and would have if he was not unlawfully threatened. He was forced to walk through quietly and only allowed to speak if he was asked a question. When he did speak in response, he was bullied by the police into complying with their parameters on his speech against his will.

This concludes our response to your requests in your letter. Thank you and we look forward to your response.

On Thu, Jul 11, 2019 at 9:28 AM Jorge Ramos <jramos@pji.org> wrote:

    https://1drv.ms/v/s!AuoUxzofnZW7mzrp4kUtEwvkCok7

    Dear Ms. Muramatsu,

                  **Saved-June 22.mpg**Error! Filename not specified.
    Thank you for your letter dated July 3, 2019. I have made multiple calls to your office. I would like to share the video file mentioned in my letter dated June 27, 2019. I have shared two links that should give you access to the video. Unless I hear otherwise, I will assume you were able to view the video.

    In light of the video, I would repeat my question and request:

    Do the views of Officer K. Vaugh represent the practices, policies, and official position of the Spokane Police Department? If not, please indicate what steps you will be taking to train your police officers and staff to ensure this does not happen again.

    I'd request a response by July 19th, 2019. Thank you in advance for your attention to this matter.

    --

Jorge A. Ramos, Staff Attorney

Pacific Justice Institute

www.pji.org


PO Box 48011

Seattle, WA 98148

(206) 257-3239


*"Jesus Christ is the same yesterday and today and forever."* Hebrews 13:8

CONFIDENTIALITY NOTICE:  Please note that this email is being sent by an attorney and may therefore be subject to attorney/client, work product, or other privileges.  These privileges include the content, recipients, attachments, and any other data associated with this message.  If you are not the intended recipient of this email, please notify PJI immediately and delete any copies of this message that have been sent to you in error.  Thank you.


[Quoted text hidden]

EXHIBIT 6



Jorge Ramos <jramos@pji.org>

## Afshin Yagtin - July 3, 2019 letter Response

**Jorge Ramos** <jramos@pji.org>                                                    Mon, Jul 22, 2019 at 9:31 AM
To: "Muramatsu, Mary" <mmuramatsu@spokanecity.org>
Bcc: "ApplesofGold. com - Afshin" <afshin@applesofgold.com>

Ms. Muramatsu,

I was informed that you were out of town. Thank you for having someone from your office do that.

Again, in light of the **videos**, I would repeat my question and request:

Do the views of Officer K. Vaugh represent the practices, policies, and official position of the Spokane Police Department?
If not, please indicate what steps you will be taking to train your police officers and staff to ensure this does not happen again.

I'd request a response by July 31st, 2019. Thank you in advance for your attention to this matter.
[Quoted text hidden]

EXHIBIT 7



Jorge Ramos <jramos@pji.org>

---

## Re: Afshin Yagtin - July 3, 2019 letter Response

Muramatsu, Mary <mmuramatsu@spokanecity.org>                          Fri, Jul 26, 2019 at 3:45 PM
To: Jorge Ramos <jramos@pji.org>

Mr. Ramos,

Again, I want to thank you for forwarding the videos and for presenting your client's concerns. We will review and evaluate what you have submitted. As I previously indicated, we are always willing to entertain suggestions for improvement and to update our training to city employees.

In prior correspondences, I've encouraged you to provide your input regarding any actions you believe should be taken to address your client's concerns. Unless you have additional analysis or recommendations for us to consider, this concludes our response.

Regards,



**Mary Muramatsu** | City of Spokane | Office of the City Attorney | Assistant City Attorney

509.625.6289 |509.951-0465 (cell) | mmuramatsu@spokanecity.org  spokanecity.org

808 W. Spokane Falls Boulevard • Spokane, WA  99201



CONFIDENTIALITY NOTICE:

This e-mail, including any attachments, is confidential and may include privileged information. If you are not the intended recipient, or believe you have received this e-mail in error, please do not copy, print, forward, re-transmit, or otherwise disseminate this e-mail, its contents, or any of its attachments. Please delete this e-mail. Also, please notify the sender that you have received this e-mail in error. Thank you.

ADVISORY:  Please be advised the City of Spokane is required to comply with the Public Records Act Chapter 42.56 RCW. This act establishes a strong state mandate in favor of disclosure of public records. As such, the information you submit to the City via email, including personal information, may ultimately be subject to disclosure as a public record.